UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ADRIANA MOYA and NICOLA MOYA,               Case No.: 22-cv-1573

                     Plaintiffs,           **NOTICE OF REMOVAL**

   - against -

FERNANDO LOPEZ and VERITIV OPERATING
COMPANY,
                     Defendants.
------------------------------------------------------------------X

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK:

**PLEASE TAKE NOTICE** that Defendants FERNANDO LOPEZ and VERITIV OPERATING COMPANY, through their attorneys TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP, give notice that the above-captioned action, filed with the Supreme Court for the State of New York, County of Queens, and all claims and causes of action therein (the "State Action"), is removed to the United States District Court for the Eastern District of New York. As for grounds for removal, Defendants states as follows:

### GROUNDS FOR REMOVAL

1. This Court has original jurisdiction over this action under 28 U.S.C. §1332(a) on the basis of diversity jurisdiction, and removal is proper pursuant to 29 U.S.C. §§1441 and 1446.

2. Venue is proper because this Court constitutes the "district court of the United States for the district and division embracing the place where "the State Action' is pending." 28 U.S.C. §1441(a).

**Procedural History and Timeliness of Removal**

3. On February 8, 2022, Plaintiff filed the State Action.

4. Defendants Fernando Lopez and Veritiv Operating Company were served with the Summons and Complaint on February 22, 2022. A copy of the Summons and Complaint with the Service of Process Transmittal by the Secretary of State is attached as Exhibit A in accordance with 28 U.S.C. §1446(a). Accordingly, this Notice of Removal is filed timely.

5. No other motions or proceedings are pending in the State Action.

6. No previous application has been made for the relief requested herein.

7. In accordance with 28 U.S.C. §1446(d), promptly after filing the notice of removal, Defendants will give written notice to all adverse parties and will file a copy of this Notice of Removal with the Supreme Court of the State of New York, County of Queens.

**Removal is Proper Under 28 U.S.C. §1332 and 1441**

8. According to 28 U.S.C. §1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants."

9. 28 U.S.C. §1332(a) provides that this Court has original jurisdiction over any matter where "the matter in controversy exceeds the sum or value of $75,000" and the matter is between the "citizens of different States and in which citizens or subjections of a foreign state are additional parties."

10. Removal is justified because this Court has jurisdiction over this action pursuant to 28 U.S.C. §1332 because there is complete diversity among the parties. Complete diversity existed when the Complaint was filed in the State Action and exists at the time of the filing of this removal petition.

11. As alleged in the Verified Complaint, Plaintiffs Adriana and Nicola Moya are a citizens of the County of Queens, State of New York. Defendant Fernando Lopez is a citizen of

the State of the State of New Jersey. Defendant Veritiv Operating Company is a corporation organized under the laws of the State of Georgia and is a citizen of the State of Georgia.

12. This action arises out of a motor vehicle accident. Plaintiff Adriana claims to have sustained "serious injuries as defined by §5102(d) of the Insurance Law of the State of New York." Complaint paragraph 11. Further, Plaintiff claims that she has "been damaged in an amount which exceeds the jurisdictional limits of all the lower courts." Complaint paragraph 13.

13. Plaintiff Nicola likewise claims to have sustained "serious injuries as defined by §5102(d) of the Insurance Law of the State of New York." Complaint paragraph 26. Plaintiff Nicola claims that she has "been damaged in an amount which exceeds the jurisdictional limits of all the lower courts." Complaint paragraph 28.

14. As this Court is aware, the basic economic loss as defined by Insurance Law §5102 is $50,000. Accordingly, it is a logical and reasonable conclusion that Plaintiff is asserting a claim that exceeds $75,000 based upon the allegations contained in the Complaint.

**WHEREFORE**, Defendants respectfully submit that the State Action is properly removed to this Court from the Supreme Court of the State of New York, County of Queens.

Dated: Hawthorne, New York
       March 22, 2022

                                **TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP**
                                *Attorneys for Defendants*

By: _/s/ Lisa M. Rolle_
           Lisa M. Rolle
           Mid-Westchester Executive Park
           Seven Skyline Drive
           Hawthorne, New York 10532
           (914) 347-2600

TO:

**HARMON LINDER & ROGOWSKY, ESQS**
*Attorneys for Plaintiff*
3 Park Avenue, Suite 2300
New York, New York 10016
(212) 732-3665